## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

UNITED STATES OF AMERICA,

                                       MJ 11-7-M-JCL

                Plaintiff,

    vs.

                                     ORDER

WILLIAM RICHARD NIELSEN,

                Defendant.

_____

On January 10, 2011, Defendant William Nielsen appeared before the Court for his initial appearance on the Criminal Complaint filed against him. The Court advised Defendant of his rights relative to the charges. Defendant waived his right to a preliminary hearing.

The United States requested that Defendant be detained pending his trial. The Defendant requested a detention hearing and he moved for a continuance of the hearing. The Court granted the motion.

After his initial appearance, however, Defendant filed a notice waiving his right to a detention hearing. Therefore, no hearing will be set at this time.

The Court has authority to detain a criminal defendant pending a trial if the Court "finds that no condition or combination of conditions will reasonably assure

the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). There exist, however, situations giving rise to a presumption of detention under the foregoing standard.

The Court finds the Criminal Complaint filed in this case charges Defendant with coercing or enticing a minor to travel in interstate commerce to engage in sexual activity in violation of 18 U.S.C. § 2422. This charge invokes the presumption contained in 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community, and that the Defendant should be detained. This presumption, however, is rebuttable.

Although the presumption imposes a burden of production on the defendant, the burden of persuasion with regard to both the risk of flight and dangerousness remains with the government. *United States v. Moss*, 887 F.2d 333, 338 (1st Cir. 1989). Nonetheless, a defendant must still produce some relevant evidence to satisfy his burden of production. *United States v. Jessup*, 757 F.2d 378, 381 (1st Cir. 1985).

Since, at this time, Defendant has waived his right to a detention hearing, he has not met his burden of producing evidence to rebut the presumption of his detention. Therefore, pursuant to the statutory presumption under 18 U.S.C. §

3142(e) the Court will order Defendant detained pending trial.

**THEREFORE, IT IS ORDERED** the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 10th day of January, 2011.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge