MICHAEL DONAHOE
Senior Litigator
Federal Defenders of Montana
Helena Branch Office
P.O. Box 250
Helena, Montana 59601-0250
Phone: (406) 449-8381
Fax: (406) 449-5651

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

| UNITED STATES OF AMERICA, Plaintiff, vs. WILLIAM RICHARD NIELSEN, Defendant. | Case No. CR 11-08-M-DWM **BRIEF IN SUPPORT OF MOTION TO DISMISS INDICTMENT; FED. R. CRIM. P. RULE 12(b)(3)(B)** |
|---|---|

## I. INTRODUCTION

Defendant has filed a motion seeking dismissal of the Indictment. (Doc. #12). This brief supports that motion.

## II. BACKGROUND

Sometime in December 2010, the defendant and A.J., a 12 year old female living in Wyoming, began communicating with each other after meeting through an adult telephone chat line. Over the course of several weeks the two engaged in multiple sexually explicit conversations and sexting. The defendant let A.J. know he had access to marijuana and perhaps other drugs and liked to "party." He also told her he was a convicted sex offender. A.J. decided to purchase a bus ticket to Missoula, Montana where the defendant resided and arrived on January 5, 2011. A.J. has told investigators her sole purpose in running away from home and traveling to Missoula was to use whatever drugs the defendant had available. She also told investigators that she did not intend to engage in sexual relations with the defendant after she arrived in Montana. Over the next four days, A.J. stayed in the defendant's apartment, using marijuana and engaging in sexual activities to include intercourse. On January 9th, A.J. was located by relatives that had traced her to the defendant's home by pretending to be a friend of A.J.'s interested in purchasing marijuana. Local law enforcement officers were alerted, and the defendant was arrested. Defendant has since given several statements that were video taped, and agreed to a polygraph examination given by an FBI agent.

## III. ARGUMENT

The Indictment in this case alleges as follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM RICHARD NIELSEN,<br><br>Defendant. | CR 11-08 -M-DWM<br><br>INDICTMENT<br><br>COERCION & ENTICEMENT OF A MINOR<br>Title 18 U.S.C. § 2422(b)<br>Title 18 U.S.C. § 3559(d)(1)(A)<br>(Penalty: Mandatory minimum life imprisonment, $250,000 fine, and lifetime supervised release)<br><br>FORFEITURE<br>Title 18 U.S.C. § 2253 |

THE GRAND JURY CHARGES:

Between approximately December 15, 2010, and January 5, 2011, at Missoula, in the State and District of Montana, the defendant, WILLIAM RICHARD NIELSEN, did use any facility of interstate and foreign commerce, to knowingly persuade, induce, entice and coerce a 12 year old girl, name withheld to protect victim's privacy, to engage in any sexual activity for which any person could be charged with an offense, namely Sexual Intercourse Without Consent pursuant to Mont. Code. Ann. § 45-5-503, in violation of 18 U.S.C. § 2422(b).

FORFEITURE ALLEGATION

As a result of the commission of the crime described above, and upon his conviction, the defendant, WILLIAM RICHARD NIELSEN, shall forfeit to the United States, all right, title, and interest in the following described property that represents property used to commit that offense:

    Acer laptop computer, serial number 00144-342-354-201
    Samsung mobile phone, serial number A0000014719C33 (hex)
as provided for in 18 U.S.C. § 2253.

A TRUE BILL.

/s/ Foreperson
FOREPERSON

/s/ Michael W. Cotter
MICHAEL W. COTTER
United States Attorney
Attorney for Plaintiff

/s/ Kris A. McLean
KRIS A. McLEAN
Criminal Chief Assistant U.S. Attorney
Attorney for Plaintiff

Crim. Summons: _____
Warrant: USMS Custody
Bail: _____

Subsection (d) of §3559 reads in relevant part:

**Death or imprisonment for crimes against children.--**

**(1)**     **In general.**--Subject to paragraph (2) and notwithstanding any other provision of law, a person who is convicted of a Federal offense that is a serious violent felony (as defined in subsection (c)) or a violation of section 2422, 2423, or 2251 shall, unless the

> sentence of death is imposed, be sentenced to imprisonment for life, if–
>
> **(A)** the victim of the offense has not attained the age of 14 years;
>
> **(B)** the victim dies as a result of the offense; and
>
> **(C)** the defendant, in the course of the offense, engages in conduct described in section 3591(a)(2).

18 U.S.C. §3559(d)

This statute contains three cross-references. The first one is self-referential in that it directs the reader to subsection (c) of 3559, which is the federal three strikes law. The second cross-reference is to sections "2422, 2243, or 2251" of Title 18. And the third cross-reference is to §3591(a)(2) of Title 18, which describes violent defendant conduct resulting in death.

Under the government's interpretation, as reflected in the Indictment, if a defendant allegedly commits, as alleged here, a violation of 18 U.S.C. §2422; and the victim is under 14 years old the applicable penalty on proof of these facts is life imprisonment. Respectfully, this is a misconstruction of the statute. In order for a defendant to be subject to mandatory life imprisonment for a proved violation of §2422 all three qualifying events set forth in subpart (A), (B) and (C) of section 3559(d)(1) must occur and be proved beyond a reasonable doubt. Thus, the victim must die (*see* subpart (B), §3559(d)(1)); and the defendant must engage in intentional conduct that results in the victim's death. (*See* subpart (C), §3559(d)(1)).

Granted, if A.J. had died and had defendant acted in a manner described in 18 U.S.C. §3591(a)(2) to cause A.J's death the government would be entitled to allege and prove those facts in order to secure a life sentence. *See e.g. Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000) (any fact other than prior conviction that enhances a penalty must be proved to the jury beyond a reasonable doubt). But this is not what the government is doing in the Indictment here. Moreover, the government simply alleges that: (i) defendant committed a violation of 18 U.S.C. §2422; and (ii) the victim is age 12 (*i.e.* under 14) therefore lifetime imprisonment results. This is not an actionable offense under §2422 and/or §3559(d) inasmuch as Congress only intended life imprisonment for those offenders who kill victims who are under age 14. Thus, absent those additional, and necessary, allegations as required by §3559(d)(1)(B) and (C) the government's indictment fails to state an offense and should be dismissed.

## IV.  CONCLUSION

WHEREFORE, the Court should dismiss the Indictment.

RESPECTFULLY SUBMITTED March 2, 2011.

    /s/ Michael Donahoe
MICHAEL DONAHOE
Senior Litigator
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on March 2, 2011, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1__ | CM-ECF |
| ____ | Hand Delivery |
| __2__ | Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| ____ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

1, 2. Cyndee L. Peterson
Assistant United States Attorney
P.O. Box 8329
Missoula, MT 59802
    Counsel for the United States of America

  /s/ Michael Donahoe
FEDERAL DEFENDERS OF MONTANA