MICHAEL DONAHOE
Senior Litigator
Federal Defenders of Montana
Helena Branch Office
P.O. Box 250
Helena, Montana 59601-0250
Phone: (406) 449-8381
Fax: (406) 449-5651

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| UNITED STATES OF AMERICA, | Case No. CR 11-08-M-DWM |
|---|---|
| Plaintiff, | **BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE AT TRIAL** |
| vs. | |
| WILLIAM RICHARD NIELSEN, | |
| Defendant. | |

## I. INTRODUCTION

Defendant has filed a motion in limine to exclude evidence (Doc. #14). This brief supports that motion.

## II. BACKGROUND

This is a case brought by the government under 18 U.S.C. §2422(b). In summary the government alleges that the defendant used a facility of interstate commerce to induce A.J., a minor, to engage in sexual activity for which a person could be charged with a criminal offense. The gist of the case is that defendant and A.J. originally met in a virtual setting (A.J. says on My Space, defendant says in an adults only chat room); after that they paired off in order to speak to each other on their respective cell phones. Thereupon the defendant and A.J. engaged in phone sex and perhaps other salacious type messaging; but during this period defendant thinks that A.J. is over 18.

At some point a rendevous is discussed although there is apparently no verbatim type record of what was said in those calls. Defendant says he offered A.J. "a party" with marijuana if she decided to meet up with him and A.J. corroborates this by stating in her recorded statement that she went to see defendant for drugs. Given that the gravamen of the offense here is "*for the purpose* of inducing a minor into sexual activity", *United States v. Dhingra*, 371 F.3d 557, 565 (9th Cir. 2004) (emphasis original), a serious question arises whether the graphic descriptions of the sexual activity set forth in their respective recorded statements should be put before the jury at any time during the trial.

# III. **ARGUMENT**

While allowing for the fact that the Ninth Circuit has endorsed the "probative" value of evidence of consumated sex in a case like this (*see e.g. Dhingra, supra*, 371 F.3d at 565). The facts here are unlike those in *Dhingra* inasmuch as in *Dhingra* the defendant knew the victim was a minor from the onset. In contrast here, during the initial phases of their virtual and/or cell phone communication, defendant reasonably understood that A.J. was 18 or over, a point that A.J. appears to concede. It was only sometime close to her departure for Montana that A.J. told defendant she was 12 and there is no clear evidence in the discovery to suggest that sex was discussed between A.J. and the defendant in that conversation. Hence, unlike *Dhingra* where the defendant knew the victim was a minor throughout the entire relevant period of communication here the defendant displays no intent to *induce a minor* (since A.J. held herself out as 18 or over) during, at a minimum, the beginning part of their relationship.

To understand the fundamentals of what we are talking about here the Court may want to think about listening to the interviews that the government provided to us on CDs. The problem with this suggestion however is two-fold. First, the CDs are pretty long. In total about 8 hours. The second problem is that although the defense has transcribed one of the defendant's interviews (there are two); the other of the defendant's interviews and A.J.'s interview are not transcribed because we only

Federal Defenders of Montana
P.O. Box 250
Helena, Montana 59601-0250
(406) 449-8381

3

received the latter on Monday, February 28, 2011, which was after discovery closed under the Court's discovery deadline of February 25th. It is going to take us about two weeks, at a minimum, for us to prepare transcripts of those last two CDs for the Court to review.

In any case, although defendant may have known that A.J. was 12 before she came to Montana there is no direct proof that he knew that when he agreed with A.J. for her to come to Montana "to party" with drugs. The sexual nature of the inducement and defendant's knowledge of the target's status as a minor must coincide. Especially where, as here, it is uncontradicted that defendant thought A.J. was 18 or over when he got together with her in virtual space. Defendant had no way of knowing that A.J. was under 18 until she told him and *when* she told him is of critical factual importance.

It would be extremely unfair and a violation of Evidence Rule 403 and the due process and fair trial clauses in the United States Constitution to allow the government to play the CDs, or allow law enforcement to testify to the sex that took place between defendant and A.J., in order to erroneously suggest to the jury that defendant knew A.J. was under 18 all along. Accordingly, we are asking the Court to exercise its discretion to carefully manage both the order and the content of the government's proof in this case; and to caution the government that it is not going to be authorized to use the consummation of the sex to convince the jury that defendant

used the cell phone for the purpose of inducing or coercing sex.

## IV. CONCLUSION

WHEREFORE, the Court should exclude any and all reference to the actual sex that went on between defendant and A.J., unless and until the government proves as a preliminary matter that defendant actually induced A.J. to come to Montana in the context of a sexually charged conversation knowing she was 12.

RESPECTFULLY SUBMITTED March 2, 2011.

    /s/ Michael Donahoe
MICHAEL DONAHOE
Senior Litigator
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on March 2, 2011, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1__ | CM-ECF |
| _____ | Hand Delivery |
| __2__ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

1, 2. Cyndee L. Peterson
Assistant United States Attorney
P.O. Box 8329
Missoula, MT 59802
    Counsel for the United States of America


    /s/ Michael Donahoe
    FEDERAL DEFENDERS OF MONTANA