IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 11-08-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WILLIAM RICHARD NIELSEN | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I. Introduction

Defendant moves the Court under Federal Rule of Criminal Procedure 12(b)(3)(B) to dismiss the Indictment in this case. Defendant asserts the Indictment conflates the penalty and indicts for a crime that does not exist. The Government concedes that it included the enhanced penalty under 18 U.S.C. § 3559 in error, but that the error is not fatal and the Indictment should not be dismissed.

## II.  Standard of Review

Whether an indictment is sufficient to withstand a motion to dismiss is a legal question that receives de novo review.  U.S. v. Bernhardt, 840 F.2d 1441, 1445 (9th Cir. 1988).

## III.  Discussion

This case arises out of interactions between Defendant and a 12 year old female form Wyoming, A.J.  Using an adult telephone chat line, Defendant and A.J. engaged in multiple sexually explicit conversations and sexting.  Knowing that Defendant had access to marijuana and perhaps other drugs, A.J. purchased a bus ticket to Missoula Montana—Defendant's city of residence.  A.J. stayed in Defendant's house for four days.  While there, she used marijuana and engaged in sexual intercourse with Defendant.

January 20, 2011 a grand jury charged William Nielsen with coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b).  The caption of the Indictment, in addition to citing 18 U.S.C. § 2422(b), indicates that pursuant to 18 U.S.C. § 3559(d)(1)(A) Nielsen faces a mandatory minimum sentence of life imprisonment.  18 U.S.C. § 3559(d) provides:

> (1) In general.–Subject to paragraph (2) and notwithstanding any other provision of law, a person who is convicted of a Federal offense that is a serious violent felony (as defined in subsection (c)) or a violation of section

> 2422, 2423, or 2251 shall, unless the sentence of death is imposed, be sentenced to imprisonment for life, if–
>
> > (A) the victim of the offense has not attained the age of 14 years;
> >
> > (B) the victim dies as a result of the offense; and
> >
> > (C) the defendant, in the course of the offense, engages in conduct described in section 3591(a)(2).

The Government concedes that the facts do support an enhanced penalty under 18 U.S.C. § 3559(d). A.J. did not die as a result of the charged offense, and inclusion of 18 U.S.C. § 3559 in the Indictment's caption was error.

The Government argues that even if the caption mentions an incorrect penalty, the indictment is not defective. First, the caption of an indictment is surplusage. U.S. v. Dawson, 516 F.2d 796, 804 (9th Cir. 1975). Second, amending an indictment to correct a typographical error or a mistake of form is not constitutionally impermissible. Id. at 801. In addition, "a portion of an indictment that the evidence does not support may be withdrawn from the jury, and this is not an impermissible amendment, provided nothing is thereby added to the indictment, and that the remaining allegations charge an offense." Id. (quoting C. Wright, 1 Federal Practice and Procedure 274–275 (1969)).

An indictment will withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail to

>   (1) enable the defendant to prepare his defense;
>
>   (2) ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; and
>
>   (3) enable him to plead double jeopardy; and
>
>   (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge.

U.S. v. Bernhardt, 840 F.2d 1441, 1445 (9th Cir.1988), cert. denied, 488 U.S. 954 (1988) (citations omitted).

Here, the body of the Indictment charges Nielsen with coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). The body of the indictment enumerates the elements of the offense in sufficient detail to enable Nielsen to prepare his defense. The body of the Indictment does not reference the enhanced penalty, so Nielsen is ensured that he is prosecuted on the basis of the facts presented to the grand jury. Furthermore, the contents of the Indictment provide the court information to assess the sufficiency of the charge or to enable Nielsen to plead double jeopardy.

Dismissing the Indictment is not appropriate here. The Court and the parties are now aware of the error and the penalties Nielsen faces. Nielsen has not alleged that he suffers prejudice because of the error. Because the error appears only in the caption and the indictment appears to be sufficient in all other

respects,

IT IS HEREBY ORDERED that the motion (dkt # 12) is DENIED.

IT IS FURTHER ORDERED that the enhanced penalty shall be removed from the caption of the Indictment. Both parties agree that the facts do not support the enhanced penalty, and its inclusion was error.

Dated this 22nd day of March, 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT