MICHAEL DONAHOE
Senior Litigator
Federal Defenders of Montana
Helena Branch Office
P.O. Box 250
Helena, Montana 59601-0250
Phone: (406) 449-8381
Fax: (406) 449-5651
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. WILLIAM RICHARD NIELSEN, Defendant. | Case No. CR 11-08-M-DWM<br><br>BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR BILL OF PARTICULARS |
|---|---|

## INTRODUCTION

Defendant has filed a motion for a bill of particulars (Doc. #31). This brief and

the exhibit attached to it are offered in support of that motion.

# LAW

An indictment must provide the defendant with a description of the charges against him sufficient to (1) enable him to prepare his defense; (2) ensure that he is being prosecuted on the basis of facts presented to the grand jury; (3) allow for a plea of double jeopardy against a later prosecution; and (4) inform the court of the facts alleged so that it can determine the sufficiency of the charge. *Russell v. United States*, 369 U.S. 749, 763, 768 n. 15, 771, 82 S.Ct. 1038, 1046, 1049, n. 15, 1051 (1962); *United States v. Pheaster*, 544 F.2d 353, 360 (9th Cir. 1976), *cert. den.*, 429 U.S. 1099, 97 S.Ct. 1118 (1977). To satisfy these requirements, the indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged. *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887 (1974); *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979).

The proper office of a bill of particulars "is to furnish the defendant *further information* respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at trial, and when necessary for those purposes, is to be granted even though it requires the furnishing of information which in other circumstances would not be required because evidentiary in nature, and an accused is entitled to this as of right." *United States v.*

*Smith*, 16 F.R.D. 372, 374-375 (Dist. Ct. W. Dist. Mo. 1954) (emphasis original).[1]

## ARGUMENT

Between the Indictment and the discovery the defense understands that defendant is alleged to have used his computer and/or his cell phone to talk A.J. (a minor) into engaging in the State crime commonly known as statutory rape which, if true, would constitute a violation of 18 U.S.C. §2422(b). However, in A.J.'s version of what happened between she and the defendant A.J. maintains without qualification that when she was on the chat line with the defendant talking sex she represented herself as being age 18. Furthermore, A.J. is adamant in her recorded statement to law enforcement that she provided phone sex for drugs and that in fact her purpose in coming to Montana was for drugs (*See*. Transcript of A.J.'s January 9, 2011 Interview at pages 26-29, attached and submitted under seal).

Assuming without conceding that A.J.'s version of what went on is true it appears that A.J. was out in cyberspace without any parental supervision representing herself to be 18 and trading phone sex for drugs; and that before her departure for Montana to obtain the drugs she was seeking, A.J. told defendant that she was not 18

---

[1] The *Smith* decision is cited on the Advisory Committee Notes to Rule 7 as a "wise use of [the] discretion" afforded under the Rule. *See* Advisory Committee Notes under heading "1996 Amendments."

but in reality age 12. Remarkably, unlike the more typical case where the actual on-line sexually charged chats between the defendant and the target minor are easily documented, this is a situation where there is no such direct evidence; or if there is the government has failed to provide it. *Cf. United States v. Dhingra*, 371 F.3d 557, 559 (9th Cir. 2004) (quoting actual on-line chats of a sexual nature that accompanied defendant's attempt to arrange a meeting with a 14 year old girl).

This is precisely why the government has expressed its intent to rely on the fact that defendant and A.J. did engage in sex after her arrival here in Montana. According to the government the fact that the sex occurred "is highly probative circumstantial evidence." (*See* Government's Response to Defendant's Motion in Limine, at page 3 (Doc. #23). But absent hard evidence of the actual chats between A.J. and the defendant that reasoning suffers under the weight of two complicating factors. First, that A.J. clearly represented herself to be 18 years old; and, second, that A.J. was not coming to Montana for sex, but for drugs.

Addressing the first factor first A.J.'s misrepresentation of her age serves to totally negate any *mens rea* that defendant intended to persuade a minor to have sex, which of course is an essential element of the crime alleged in the Indictment. Under this scenario defendant and A.J. meet in cyberspace and/or on cell phones and A.J. represents that she is 18. The communication is sexually explicit (or what A.J.

characterizes as "phone sex" in her January 9th interview) and perhaps an agreement is reached for an actual meeting for A.J. to come to Montana in order to do drugs. This is not a violation of §2422(b). Furthermore, even assuming A.J. tells defendant in a separate, later conversation, before her departure for Montana that she is 12 that subsequent disclosure by A.J. does not render defendant's initial sexual talk with A.J. a violation of §2422(b) *ab initio*. This follows because the alleged verbal acts of persuasion or enticement must be directed to an individual who defendant reasonably believed was under 18 at the time the verbal acts were enunciated.

As for the second complicating factor (A.J.'s agreement to come to Montana for drugs) both A.J. and the defendant confirm that this was the purpose of A.J.'s trip to Montana. And according to A.J. the consideration she supplied for the drugs she expected to obtain when she arrived in Montana was the "phone sex" she provided on the cell phones beforehand (Transcript at pages 19, 27-30). But phone sex with an 18 year old, or even with a minor for that matter, is not the sexual crime alleged in the Indictment.

Considering that neither the Indictment nor the discovery specifies either "what" was said or exactly "when" defendant persuaded or enticed A.J. to engage in statutory rape it comes as no surprise that the government intends to prove that since the defendant and A.J. actually engaged in sex after her arrival in Montana the jury

can simply infer that the defendant violated §2422(b). However, such an inference would relieve the government of its constitutional duty to prove the case against defendant beyond a reasonable doubt, since under that theory proof that sex actually occurred serves to eliminate the government's obligation to show *with specificity* the verbal acts constituting the §2422(b) violation, which is the gravamen of the offense. *See e.g. Francis v. Franklin*, 471 U.S. 307 (1985) (Jury instruction that person of sound mine intends natural and probable consequences of his acts shifts burden of proof in violation of due process clause where intent was the dispositive issue).

Hence, the government should be ordered to file a bill of particulars indicating with specificity both "what" was said and "when" defendant enunciated the verbal acts designed to persuade and/or entice A.J. into engaging in statutory rape. Furthermore, the government should also be required to detail by what medium (*i.e.* cell phone, on-line chats, etc.) the alleged verbal acts were communicated.[2]

---

[2] For purposes of this motion it warrants emphasis that A.J.'s January 9, 2011 interview was conducted by two Missoula City Detectives whose focus was understandably trained on the sexual activity that occurred between A.J. and the defendant, which would violate State law. This explains why the discovery generally, and A.J.'s statement in particular, contains almost no information specifying the exact timing or nature and character of the verbal acts that allegedly form the basis for this federal prosecution.

Federal Defenders of Montana
P.O. Box 250
Helena, Montana 59601-0250
(406) 449-8381

Offense conduct outlawed by §2422(b) consists of the words used and the defendant's state of mind while using those words. Where, as here, the government apparently intends to rely on the State crime that the sex occurred as a substitute for these essential elements the Court should order immediate disclosure of "what" was said and "when" it was said to warrant the conclusion that defendant enunciated verbal acts designed to persuade and/or entice A.J. into engaging in statutory rape. In this connection the government appears to believe that the fact the sex occurred altogether dispenses with the need to prove defendant's verbal acts of persuasion and/or enticement. But, again, that inference proves too much because "phone sex" was traded for drugs and A.J. represented herself to be 18.

Taken together the government's failure to disclose the alleged verbal acts that the defendant used to violate §2422(b) (coupled with its argument that the fact of actual sex can serve as a substitute for those verbal acts) exposes the government's rather disturbing interpretation of 18 U.S.C. §2422(b). In relevant part it provides:

> Whoever, using the mail or any facility or means of interstate . . . commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. §2422(b)

A plain reading of this language makes it evident that to prove a violation under §2422(b) the government must show expressive conduct by the defendant (verbal or written) designed to persuade the target minor to engage in the alleged prohibited sexual activity, here statutory rape. But under the government's *ala carte* reading of the statute the verbal act of persuasion need not be proved, so long as there is proof that actual sex resulted. Under this erroneous government interpretation, even absent proof of actual persuasion or enticement, a violation §2422(b) is stated. This means for example that the defendant who simply lies to the minor target during a computer chat to get sex is equally guilty under §2422(b) if actual sex results.

To illustrate, consider the defendant who targets a minor in another state after viewing her Facebook profile on his computer. Assume further that this defendant contacts this minor by e-mail representing himself to be the president of a high end modeling agency encouraging the minor to meet with him to discuss what could be her bright and lucrative future in the modeling industry, without sex ever being discussed. At the ensuing meeting however defendant reveals his true intent and prevails on the minor (face to face) for sex to which she submits. According to the government this conduct falls under §2422(b) because the fact the sex occurred exposes the defendant's true intent to have sex all along. But this reasoning is faulty

since it serves to totally eliminate the *actus reus* required for a conviction under §2422(b); the actual expressive conduct by the defendant.

In sum, absent actual verbal or written coercive expression by the defendant via an interstate commerce facility there can be no §2422(b) violation. If as we contend A.J. was posing as an 18 year old searching for drugs, who came to Montana for that purpose, the fact that sex ultimately resulted between A.J. and the defendant does not serve to verify circumstantially, or otherwise, that defendant violated §2422(b).

## **CONCLUSION**

WHEREFORE, the government should be ordered to provide a bill of particulars to specify "what" was said, "when" it was said as well the interstate commerce medium used to persuade A.J. to engage in the crime of statutory rape (*i.e.* cell phone or computer).

RESPECTFULLY SUBMITTED March 21, 2011.

                                                 /s/ Michael Donahoe
                                                MICHAEL DONAHOE
                                                Senior Litigator
                                                Counsel for Defendant

# CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule CR 12.1(e). The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 1,926 excluding tables and certificates).

DATED March 21, 2011.

                                                By: /s/ Michael Donahoe
                                                       Michael Donahoe
                                                       Federal Defenders of Montana
                                                       Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on March 21, 2011, a copy of the foregoing document was served on the following persons by the following means:

|   |   |   |
|---|---|---|
| __1__ | CM-ECF |   |
| ____ | Hand Delivery |   |
| __2__ | Mail |   |
| ____ | Overnight Delivery Service |   |
| ____ | Fax |   |
| ____ | E-Mail |   |

1. CLERK, UNITED STATES DISTRICT COURT

1, 2. Cyndee L. Peterson
Assistant United States Attorney
P.O. Box 8329
Missoula, MT 59802
    Counsel for the United States of America

  /s/ Michael Donahoe
FEDERAL DEFENDERS OF MONTANA