**FILED**

MAR 3 0 2011

PATRICK E. DUFFY, CLERK

by_____
DEPUTY CLERK, HELENA

CYNDEE L. PETERSON
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2d Floor
Missoula, MT 59802
Phone:  (406) 542-8851
FAX:  (406) 542-1476
Email: Cyndee.Peterson@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA


# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 11-08-M-DWM |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| WILLIAM RICHARD NIELSEN, | |
| Defendant. | |

ASC      WRN      3-30-11
CLP      WRN      MD      Date

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,

the United States of America, by Cyndee L. Peterson, Assistant United

States Attorney for the District of Montana, and the defendant,

William Richard Nielsen, and his attorney, Michael Donahoe, have

agreed upon the following:

1.    **Scope:**  This plea agreement is between the United States

Attorney's Office for the District of Montana and defendant.  It does not

bind any other federal, state or local prosecuting, administrative or

regulatory authority, or the United States Probation Office.

2.    **Charges:**  Defendant agrees to plead guilty to the charge in

the Indictment, which charges the crime of Coercion and Enticement of

a Minor, in violation of 18 U.S.C. § 2422(b).  This offense carries a

minimum punishment of 10 years and a maximum punishment of life

imprisonment, a $250,000 fine, a term of not less than 5 years and up

to lifetime supervised release, and a $100 special assessment.

Restitution is mandatory, and the amount, if any, will be determined by

the Court at sentencing.

3.    **Nature of the Agreement:**  The parties agree that this

<table>
<tr><td>2</td><td>CLP</td><td>WRN</td><td>MD</td><td>Date</td></tr>
</table>

plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided a) the United States does not pursue other charges against the defendant, and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4.      **Admission of Guilt:** The defendant will plead guilty because defendant is in fact guilty of the charge contained in the Indictment. In pleading guilty, the defendant acknowledges that:

1.      The Defendant knowingly used a facility or means of interstate commerce to persuade, induce, entice or coerce an individual under the age of eighteen (18) to engage in sexual activity; and

2.      The Defendant believed that such individual was less than eighteen (18) years of age;  and

3       CLP    WRN    MD        Date
        *MSC*  *WRN*            3-30-11

3. The Defendant could have been charged with a criminal offense for engaging in the specified sexual activity, namely Sexual Intercourse Without Consent, M.C.A. § 45-5-503.

4. The Defendant also acknowledges that the following property was used to facilitate the commission of the offense and he forfeits all interest in the property:

Samsung mobile phone; s/n A0000014719C33 (hex).

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the court must approve a non-jury trial.

(d) The defendant has the right to be represented by

MSC   WRN   3-30-11
CLP   WRN   MD   Date

counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other

5

CLP     WRN     MD     Date

evidence against the defendant.  The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence on the defendant's own behalf.  If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(h)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify.  Or the defendant could exercise the choice to testify on his own behalf.

(i)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(j)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules*

6     CLP     WRN     MD     Date

*of Criminal Procedure.*  By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph.  The defendant's attorney has explained these rights and the consequences of waiving these rights.

6.      **Recommendations:** The United States will recommend the defendant be given three points for acceptance of responsibility if appropriate under the Guidelines unless the defendant is found to have obstructed justice prior to sentencing, USSG § 3C1.1, or acted in anyway inconsistent with acceptance of responsibility.  The parties reserve the right to make any other arguments at the time of sentencing.  Defendant understands that the court is not bound by this recommendation.  The Defendant also agrees to submit to testing for sexually transmitted diseases and release the results to the government for further release to the victim.

7          MSC   WRN         3-30-11

           CLP   WRN   MD     Date

7.    **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.    **Appeal Waiver:** *Waiver of Appeal of an Advisory Guideline Sentence*: The defendant acknowledges that 18 U.S.C. § 3742(a) affords him the right to appeal the sentence imposed in this case. By this agreement the defendant waives his right to appeal the reasonableness of the sentence, including conditions of probation or supervised release, if the defendant has no objection to the calculation of the guidelines and the sentence imposed is within or below the range provided for by that calculation.

The defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

8    CLP    WRN    MD    Date

3-30-11

9.    **Voluntary Plea:** The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

10.    **(a) Sexual Offender Requirements and Agreement to Comply:** The defendant agrees to obtain a sexual offender evaluation from a provider acceptable to the U.S. Probation Office, which will include behavioral testing and a polygraph examination to determine the accuracy of the information given to evaluators.  In exchange for the concessions made by the government, the defendant agrees to bear all costs of the evaluation and the behavioral and polygraph testing required by this agreement.  The defendant agrees that all results of evaluation and testing will be released, upon their request, to the Court, United States Attorney's Office, and the United States Probation Office.  The defendant expressly and specifically waives any medical or other privacy right, privilege, or objection to such disclosure.  The defendant will successfully complete any treatment recommended and will register, as required by law, as a sexual offender.  The defendant

9        CLP        WRN        MD        Date

agrees to have no contact with minor children except when other adults are present. The defendant and the United States stipulate and agree, if the Court accepts this agreement, that the terms outlined in this provision will be made a part of the judgment in this case.

**(b)  Megan's Law/Adam Walsh Act Notice:**  The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions:  the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations no later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under

10      _msc_      _wRN_      _3-3ə-ll_
         CLP       WRN    MD      Date

federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**11.     Detention/Release After Plea:** The defendant acknowledges that he will be detained pending sentencing and upon conviction, and he will not make a request for release.

**12.     Breach:**  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

**13.     Entire Agreement:**  Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties.  Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

11     CLP     WRN     MD     Date
                                    3-30-11

**MICHAEL W. COTTER**
**United States Attorney**

Cyndee L. Peterson
Assistant U. S. Attorney

3/29/11

William Richard Nielsen
Defendant

3/30/11

Michael Donahoe
Defense Counsel