Michael Donahoe
Senior Litigator
FEDERAL DEFENDERS OF MONTANA
50 West 14th Street, Suite 300
P.O. Box 250
Helena, MT 59624-0250
(406) 449-8381
(406) 449-5651(Facsimile)
Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>WILLIAM RICHARD NIELSEN,<br>Defendant. | Crim No. CR 11-08-M-DWM<br><br>**SENTENCING MEMORANDUM** |
|---|---|

## I. INTRODUCTION

COMES NOW the defendant William Richard Nielsen (Nielsen), through his undersigned counsel and in conformity with the Court's scheduling order dated April 5, 2011 (Doc. #53) offers the following memorandum in aid of sentencing.

## OUTSTANDING OBJECTIONS

Defendant has objected to the two point enhancement for the use of a computer.  No computer was ever used and this specific offense characteristic does not apply.  The cases cited by the probation officer in response to this objection are either wrongly decided or do not apply.  In the Eighth Circuit case styled as *United States v. Kramer* cited in the Presentence Report (PSR) addendum at page 2 the defendant used his cell phone as a computer by texting the victim for 6 months.  That is not the situation here.  In this case defendant and A.J. agreed that she would travel to Montana at a time when defendant thought she was of age.  Thus defendant did not use his phone as a computer like Kramer did.  Likewise the *Mitra* case from the Seventh Circuit provides no support for the probation officer's argument either.  In that case 18 U.S.C. §1030(a)(5) was at issue, not §1030(c)(1).  Where, as here, the defendant encouraged A.J. to come to Montana during a time when he thought she was of age and where he did not use his phone as a computer to effect the enticement the 2 point enhancement should be stricken.

Defendant also objects to the two point enhancement for vulnerable victim.  First, A.J. is not a vulnerable victim within the meaning of 3A1.1(b)(1).  This enhancement applies to individuals that are "unusually vulnerable."  A.J., although 12 at the time, certainly did not act and think like a 12 year old, and told detectives that she did not like to hang out with others her age because she found

them immature. She was sexually active before meeting the defendant. She held herself out as 16 on her MySpace page and voluntarily joined an adult only sex chat group that required members to be at least 18. She had full use of her cell phone during her time in Missoula and even called the sex chat line while at the defendant's apartment. While the defendant was at his mother's house, A.J. sent him text messages that included "Wat r u doing now luv?", "Ur getting weed on ur run rite?", "Babe will u get stuff 2 drink" and "K luv u 2."

     Moreover defendant's second objection to this specific offense arises under Application Note 2 of the guidelines. This objection does not apply "if the factor that makes the person a vulnerable victim is incorporated in the offense guideline." Not only is the victim's age incorporated into Count I, the probation officer has added a 2 point Specific Offense Characteristic enhancement in paragraph 19 for unduly influencing a minor to engage in prohibited sexual conduct. That enhancement applies because of the age difference between the victim and defendant, since there is a presumption of undue influence simply based on the age difference. Thus, there is double counting here because the gravamen of the probation officer's response to the first part of this objection is that A.J. is "just a little girl from a broken home . . ." (Addendum at page 3). Any vulnerability that A.J. suffers for being "a little girl" is accounted for under the points awarded at PSR, ¶19. A.J. did not become "more vulnerable" due to her

tragic domestic situation.

Defendant also objects to the application of the Chapter Four Enhancements. Section 4B1.5(a) does not apply to the defendant. Defendant was never "convicted" of a sex offense to warrant this enhancement. *See United States v. Tighe*, 266 F.3d 1187 (9th Cir. 2001) (Juvenile proceeding not same as conviction under *Apprendi v. New Jersey*, *cite omitted*). We do agree however that §4B1.5(b) does apply to this case and 5 levels should be added to his offense level of 32. After acceptance of responsibility, his total offense level would still be 34, however his criminal history would remain at Category I.

In order for the defendant to qualify for the enhancement under USSG §4B1.5(a) he must be convicted as an adult. By awarding the increases under §4B1.5(a) instead of subpart (b) the probation officer is missing the crucial difference between an adult conviction and a juvenile adjudication. Even the guidelines recognize this important distinction. *See* USSG §4A1.2(d)(1) and (2). Defendant's juvenile adjudication at PSR p.11, ¶ 32 is not a conviction under Federal or State law. *See United States v. Juvenile*, 347 F.3d 778, 785 (9th Cir. 2003) and *State v. Hastings*, 340 Mont. 1 (Mont. 2007).

In any case, since the rule of lenity applies to the sentencing guidelines (*United States v. Fuentes-Barahona*, 111 F. 3d 651 (9th Cir. 1997)) the Court should rule defendant's sentence should be enhanced under §4B1.5(b), not

§4B1.5(a), inasmuch as the latter requires a "conviction" whereas the former does not.

## CONCLUSION

WHEREFORE, defendant prays the Court will consider this memo and rely on it in fashioning defendant's sentence.

Respectfully Submitted July 11, 2011.

          /s/ Michael Donahoe
MICHAEL DONAHOE
Senior Litigator
Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on July 11, 2011, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1, 2__ | CM-ECF |
| ____ | Hand Delivery |
| __3__ | Mail |

1. CLERK, UNITED STATES DISTRICT COURT

1, 2. Marcia Hurd  
     Assistant U.S. Attorney  
     P.O. Box 1478  
     Billings, MT 59103

3. Derek Hart  
   U.S. Probation Officer  
   P.O. Box 7675  
   Missoula, MT 59807

/s/ Michael Donahoe  
MICHAEL DONAHOE  
Senior Litigator