EXHIBIT A

Page _____ of _____ Pages

INEFFECTIVE ASSISTANCE OF COUNSEL: JUDICIAL BIAS

The groundwork for defining judicial/prosecutorial bias is well established. For example, the 9th Circuit Court of Appeals established, in United States v. Preston, 706 F.3d 1106 (CA 9th 2012), "If defense counsel fails to object to acts of judicial misconduct...we review for plain error. To obtain reversal, a defendant must establish both misconduct and prejudice." There were three instances of judicial misconduct during the proceedings of this case. First, Judge Molloy demonstrated judicial bias when he made the statement, "William Richard Nielsen needs to be incapacitated, and for as long as possible..." See Sentencing Transcripts pg. 31 #16-18. Second, Judge Molloy enforced an enhancement based on the "especially vulnerable victim" enhancement of the United States Sentencing Guidelines found at 3A1.1(b). This enhancement was subsequently overturned by the 9th Circuit Court of Appeals, and his sentence vacated and remanded back to the district court. Judge Molloy makes the statement at Nielsen's resentencing hearing that he was not relying on the "especially vulnerable victim" enhancement, however he still insinuates on numerous occasions that the large difference in her age and his means she was exceptionally vulnerable to Mr. Nielsen's advances. This clearly amounts to judicial bias, and thus the fact Mr. Nielsen's lawyer failed to object demonstrates ineffective assistance of counsel under Strickland v. Washington. Also, Judge Molloy made the statement, "Mr. Nielsen is a pervert..." thus demonstrating he

was not being just and unbiased, as well as very unprofessional.



THE UNITED STATES HAS NO JURISDICTION OF THE CHARGE AT ISSUE

The government has failed to show a connection between the Commerce Clause of the United States Constitution and the charge at issue.  In United States v Lopez, 514 US 549, the supreme court defined exactly what congress could regulate, stating, "Supreme court jurisprudence notes that congress may regulate three categories of activities:

(1) the use of channels of interstate commerce, that is, the interstate transportation routes through which persons and goods move;

(2) the use of instrumentalities of interstate commerce, that is, the people and things moving in commerce; and

(3) those activities found by congress to have substantial relation' to interstate commerce, that is, those activities that substantially affect interstate commerce."  Mr. Nielsen's crime never left the City of Missoula, Montana, much less the state of Montana, and thus fails to meet the use of channels of interstate commerce described in Lopez.  In addition, Mr. Nielsen's actions utilized neither the people nor the things moving in interstate commerce, and thus fail to meet the use of instrumentalities of interstate commerce described in Lopez.

The government seems to be claiming a connection based on the fact that the victim in this case traveled, via

Greyhound, from Wyoming to Montana, thus would seem to qualify under the substantial relation section of Lopez.  This, however, falls short of what the court in Lopez had in mind, as the court goes on to state, "Simply because congress may conclude that a particular activity substantially affects interstate commerce does not necessarily make it so." (quoting Hodel v Virginia Surface Mining and Reclamation Association, 452 US 264 (1981)).  Furthermore, the 11th circuit court of appeals has also addressed this issue.  In United States v. Maxwell, 386 F.3d 1042 (11th cir 2004), the 11th circuit court of appeals again explains the commerce clause precedents, stating, "The Constitution permits aggregation of effects to justify congressional regulation of purely intrastate economic activity when the absence of such regulation would undercut a larger regulatory scheme affecting interstate commerce.  No such aggregation of local effects is Constitutionally permissible in reviewing congressional regulation of intrastate, non-economic activity." (see also United States v. Sturm, 426 F.Appx 582 (10th 2011), "To be sure, the 9th circuit in Wright, agreed with Schaefer that a defendant's mere use of an 'interstate facility' is insufficient to satisfy jurisdictional language...")