IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. WILLIAM RICHARD NIELSEN, Defendant/Movant. | Cause No. CR 11-08-M-DWM<br>CV 15-37-M-DWM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant William Richard Nielsen's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Nielsen is a federal prisoner proceeding pro se.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be

1

placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On January 20, 2011, a grand jury indicted Nielsen on one count of violating 18 U.S.C. § 2422(b) by using means of interstate or foreign commerce to entice a minor to engage in sexual activity constituting a criminal offense. Indictment (Doc. 7) at 2. The predicate criminal offense was sexual intercourse without consent, a violation of Mont. Code Ann. § 45-5-503. Nielsen's minor victim, A.J., was 12 years old. Under Montana law, persons under the age of 16 are not capable of consenting to sexual activity. *See id.* § -501(1)(a)(ii)(D).

Nielsen pled guilty. Minutes (Doc. 52); Am. Judgment (Doc. 77) at 1. He admitted he used telephone lines to encourage and assist A.J. to come to Montana from Wyoming. He also admitted that he "engaged in several rounds of sex over the course of . . . four or five days" with the girl. Change of Plea Tr. (Doc. 67) at 33:3-5. At the original sentencing hearing, Nielsen's advisory guideline calculation included a two-point upward adjustment for vulnerable victim and an increase in the offense level because Nielsen had a prior sex offense conviction. On July 19, 2011, he was sentenced to serve 480 months in prison, to be followed by a life term of supervised release. Judgment (Doc. 62) at 2-3.

Nielsen appealed. The Court of Appeals held that the vulnerable victim enhancement did not apply and that Nielsen's prior offense could not increase his offense level under the advisory guidelines because he was a juvenile at the time of that conviction. The case was reversed and remanded for re-sentencing. *See United States v. Nielsen*, 694 F.3d 1032, 1037, 1038 (9th Cir. 2012).

On November 16, 2012, Nielsen was re-sentenced, and the same sentence was re-imposed: 480 months in prison, to be followed by a life term of supervised release. Minutes (Doc. 76); Am. Judgment (Doc. 77) at 2-3. He again appealed. The Court of Appeals rejected his arguments and affirmed the sentence. Mem. at 1-3, *United States v. Nielsen*, No. 12-30378 (9th Cir. Jan. 8, 2014) (Doc. 84).

On May 5, 2014, the United States Supreme Court denied Nielsen's petition for writ of *certiorari*. Clerk Letter (Doc. 86) at 1. Nielsen's conviction became final on that day. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012).

Nielsen timely filed his § 2255 motion on April 13, 2015. 28 U.S.C. § 2255(f)(1).

### III. Nielsen's Claims and Analysis

Nielsen alleges, first, that counsel was ineffective because he failed to object to "obvious judicial bias." Mot. § 2255 (Doc. 87) at 4 ¶ 5A; Supp. (Doc. 87-1) at 2-3 Second, he claims the Court lacked jurisdiction under the Commerce Clause. *Id.* ¶ 5B; Supp. at 5-6. Third, he asserts counsel was ineffective because he failed to

3

object to an "especially vulnerable victim" enhancement. *Id.* at 5 ¶ 5C.

Two of Nielsen's claims allege ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984), governs these claims. First, Nielsen must allege facts sufficient to support an inference that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. Second, he must allege facts sufficient to support an inference that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### A. Motion to Recuse and Judicial Bias

Nielsen avers that bias was shown because he was called a "predator," *see* Re-Sentencing Tr. (Doc. 83) at 29:10-13, a "pervert," Sentencing Tr. (Doc. 69) at 90:10, and a poor candidate for rehabilitation, Re-Sentencing Tr. at 27:6-8; Sentencing Tr. at 94:20. He also contends that it was "hearsay" to find he was likely to commit more crimes in future and needed to be incapacitated. *See* Mot. to Recuse (Doc. 89) at 1, 2. He claims that an upward variance has something to do with the Ex Post Facto Clause and, apparently, that an above-guidelines sentence is necessarily a sign of unfair bias. *Id.* at 2. Nielsen's motion to recuse and his first

4

claim for relief under § 2255 pose essentially the same question.

Motions under 28 U.S.C. § 2255 should be decided by the judge who presided over the criminal case. 28 U.S.C. § 2255(a); Rule 4(a), Rules Governing § 2255 Proceedings. And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* (emphasis in original). But a sentencing judge must form judgments of the persons who appear before him, based on the evidence presented, reviewed, and commented on by the parties. Without forming judgments, a judge "could never render decisions." *Id.* at 551 (quoting *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943) (Frank, J.)).

As explained at both sentencing hearings, all the Court can do is carefully review all the information presented in light of the factors set forth in 18 U.S.C. § 3553(a) and decide what sentence is "sufficient, but not greater than necessary," to comply with all of the statute's purposes. The advisory guideline range was 188-235 months. But, for the reasons stated at length, *see* Re-Sentencing Tr. at 14:1-36:24, an upward variance from the guidelines was appropriate and was imposed. The Court of Appeals found the sentence was substantively reasonable. *See* Mem. at 3, *United States v. Nielsen*, No. 12-30378 (9th Cir. Jan. 8, 2014). No basis for

recusal and no bias is shown simply because a judgment was made and sentence was imposed. Neither prong of the *Strickland* test is met. The motion to recuse and the first claim for relief in the § 2255 motion are both denied.

**B. Commerce Clause**

Nielsen pled guilty to using LiveLinks, a service provided through telephone lines, to arrange a meeting to engage in sexual activity with a girl who told him she was 12 years old. Change of Plea Tr. (Doc. 67) at 32:10-35:7. "Telephones are instrumentalities of interstate commerce that fall within the second *Lopez* category." *United States v. Nader*, 542 F.3d 713, 717 (9th Cir. 2008) (referring to *United States v. Lopez*, 514 U.S. 549, 558-59 (1995)). This claim is denied.

**C. Vulnerable Victim Enhancement**

Nielsen claims counsel was ineffective for failing to object to a vulnerable-victim enhancement under U.S.S.G. § 3A1.1(b)(1). The enhancement was not imposed at re-sentencing. Re-Sentencing Tr. (Doc. 83) at 5:10-6:5, 12:1-4, 29:19-21. Neither prong of the *Strickland* test is met. This claim is denied.

**IV. Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Nielsen's claims meets the relatively low threshold for issuance of a COA. His 480-month sentence represented a significant upward variance from the advisory guideline range of 188-235 months, but the sentence was based entirely on information made available to the Court in the ordinary course of proceedings – information that was known to and reviewed and commented on by both parties to the case. The reasons supporting the sentence were set forth in detail in the record, and the sentence was affirmed on appeal. Nielsen admitted using LiveLinks, a service that uses telephone lines, in committing the offense, so the jurisdictional element was met. And no vulnerable-victim enhancement was imposed at the re-sentencing hearing.

Reasonable jurists would find no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Nielsen's motion to recuse (Doc. 89) is DENIED.

2. Nielsen's motion to vacate, set aside, or correct the sentence under 28

U.S.C. § 2255 (Doc. 87) is DENIED;

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Nielsen files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 15-37-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Nielsen.

DATED this 24th day of June, 2015.

Donald W. Molloy
United States District Court